IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOLORES M. HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-795-GMS |
| | ) |
| COLONIAL SCHOOL DISTRICT, and | ) |
| GEORGE MENEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM**

**I. INTRODUCTION**

On October 30, 2009, plaintiff Dolores Holmes (the "plaintiff") filed the above-captioned action *pro se* against Colonial School District and George Meney (together, the "defendants"), alleging that the defendants wrongfully denied her children educational services following their expulsion from school. (D.I. 1.) Presently before the court is the defendants' motion for a more definite statement. (D.I. 11.) For the reasons that follow, the court will grant the defendants' motion.

**II. FACTUAL BACKGROUND**

The following facts are gleaned from the plaintiff's complaint. The plaintiff alleges that the defendants expelled her children, falsely arrested them, and lied about her children's conduct to cover up the defendants' loss of a bus contract. (D.I. 1.) The complaint states that one of the plaintiff's children did not attend school from August 2007 to August 2008 as a result of the expulsion. The plaintiff contends that another child was out of school from August 27, 2007 to

September 20, 2007. (Id.) The plaintiff alleges that the defendants' conduct violates her civil rights, her children's civil rights, the No Child Left Behind Act, Delaware law and, presumably, the Delaware Department of Education Administrative Code.[1] (Id.) In her complaint, the plaintiff notes that Dr. Thomas Pledgie reviewed her case and ordered Colonial School District to reverse its decision and allow her child to return to school. (Id.)

---

[1] Specifically, the plaintiff's complaint alleges that the defendants' conduct violated "Delaware Federal Laws 6.11.2.1 through 6.11.2.10." (D.I. 1.) The court presumes that the plaintiff refers to 14 *DE Admin. Code* § 611.2.1, which provides, in pertinent part:

> 2.1 Any student expelled or suspended pending expulsion for behavior equivalent to a violation of the following is not eligible for, and may not be placed at a Consortium Discipline Alternative Program site.
>
> 2.1.1 11 *Del.C.* § 613 Assault in the First Degree; class C felony; or
>
> 2.1.2 11 *Del.C.* § 1457 Possession of a Weapon in a Safe School and Recreation Zone;class D, E, or F: class A or B misdemeanor; or
>
> 2.1.3 11 *Del.C.* § 802 Arson in the Second Degree affirmative defense; class D felony; or
>
> 2.1.4 11 *Del.C.* § 803 Arson in the first degree; class C felony; or
>
> 2.1.5 11 *Del.C.* § 770 Rape in the fourth degree; class C felony; or
>
> 2.1.6 11 *Del.C.* § 771 Rape in the third degree; class B felony; or
>
> 2.1.7 11 *Del.C.* § 772 Rape in the second degree class B felony; or
>
> 2.1.8 11 *Del.C.* § 773 Rape in the first degree class A felony; or
>
> 2.1.9 16 *Del.C.* § 4753A Trafficking in marijuana, cocaine, illegal drugs, methamphetamine, LSD, or designed drugs or
>
> 2.1.10 Any behavior equivalent to or greater than the offenses in 2.1 through 2.9.

14 *DE Admin. Code* § 611.2.1.

## III. STANDARD OF REVIEW

The decision whether to grant or deny a defendant's motion for a more definite statement rests within the sound discretion of the court. *See* 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1377 (3d ed. 2004). Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *see Schaedler v. Reading Eagle Publication*, 370 F.2d 795, 798 (3d Cir. 1967). Courts have interpreted this rule to mean that a motion for a more definite statement should only be granted where the pleading is unintelligible, *see CFMT, Inc. v. YieldUp Int'l Corp.*, No. Civ. A. 95-549, 1996 WL 33140642, at *1 (D. Del. Apr. 5, 1996), or the issues cannot be determined, *see Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 536 (D. Del. 1962); *Container Co. v. Carpenter Container Corp.*, 8 F.R.D. 208, 210 (D. Del. 1948). Courts generally view motions for a more definite statement with disfavor, particularly "where the information sought by the motion could easily be obtained by discovery." *See CFMT*, 1996 WL 33140642, at *1 (internal citations omitted).

## IV. DISCUSSION

In their motion for a more definite statement, the defendants contend that a more definite statement is necessary because the plaintiff's complaint fails to comply with the pleading requirements of Rule 8. (D.I. 11 at 1.) Specifically, the defendants contend that the complaint fails to identify factual allegations in support of a claim, the relief being requested,[2] which

---

[2] The plaintiff's complaint states that "[t]he Colonial School District need [sic] to be stopped with all the wrong-doing they are doing and illegal doing." (D.I. 1.) The court interprets this statement as a prayer for injunctive relief.

specific laws were broken and who is bringing the action.[3] (Id. at 2.)

The court concludes that the complaint is vague and ambiguous in its current form, and a more definite statement is warranted to enable the defendants to respond appropriately. Specifically, the plaintiff alleges that the defendants lied about her children, falsely arrested them and prevented them from attending school, but she offers no factual support to show the defendants' dishonesty toward her children, nor does she describe the circumstances surrounding her children's expulsion to demonstrate how the defendants' actions were wrongful. The plaintiff must clearly explain the factual circumstances surrounding the allegedly wrongful conduct of the defendants.

Moreover, the legal basis for many of the plaintiff's allegations remains unclear. At various points, the complaint appears to refer to Delaware state law, administrative law and federal laws ranging from civil rights to the No Child Left Behind Act. The plaintiff sometimes raises several of these wide-ranging legal theories within a single sentence and fails to support them with any facts demonstrating that a wrong has been committed. The court further notes that the plaintiff failed to comply with Federal Rule of Civil Procedure 10(b), which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In her amended complaint, the plaintiff must set forth one legal contention and the corresponding factual allegations in each numbered paragraph.

---

[3] In her complaint, the plaintiff repeatedly refers to the defendants' violation of her rights as well as a violation of her children's rights. The court construes the plaintiff's complaint as being brought by the plaintiff in her individual capacity and on behalf of her children.

## V. CONCLUSION

For the reasons stated above, the defendants' motion for a more definite statement is GRANTED. The plaintiff is ordered to file her amended complaint within twenty (20) days of the entry of this order. An appropriate order shall issue.

Dated: November 22, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOLORES M. HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-795-GMS |
| | ) |
| COLONIAL SCHOOL DISTRICT, and | ) |
| GEORGE MENEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**O R D E R**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) (D.I. 11) is GRANTED.

2. The plaintiff is hereby ordered to restate her complaint so as to set forth a short and plain statement of each claim showing that she is entitled to relief. The plaintiff shall file her amended complaint within twenty (20) days of the entry of this order.

Dated: November 12, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE